48 F.3d 1215
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 ARMCO, INCORPORATED, Petitioner,
v.
Carl M. HAMRICK; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 94-1391.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 1, 1995
Decided: March 6, 1995
 
 ARGUED: Edward Lee Bullman, SHAFFER & SHAFFER, Madison, W VA, for Petitioner. Rita A. Roppolo, UNITED STATES DEPARTMENT OF LABOR, Washington, DC, for Respondent Director; Hazel Armenta Straub, Charleston, W VA, for Respondent Hamrick. ON BRIEF: George D. Blizzard, II, SHAFFER & SHAFFER, Madison, W VA, for Petitioner. Thomas S. Williamson, Jr., Solicitor of Labor Donald E. Shire, Associate Solicitor, Christian P. Barber, Counsel for Appellate Litigation, for Respondent Director.
 Before HALL and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Armco, Inc., petitions for review of an order of the Benefits Review Board (BRB), affirming an administrative law judge (ALJ)'s decision to award black lung benefits to respondent Carl Hamrick. The ALJ found that the evidence was in equipoise, and, invoking the "true doubt" rule, he resolved the tie in favor of the claimant. The Supreme Court has since held that the "true doubt" rule is invalid, and the claimant bears the risk of non-persuasion on the essential elements of his claim. Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251 (1994).
 
 
 2
 On the other hand, the claimant, with the support of the Director, argues that the ALJ's finding that the evidence was in equipoise was itself erroneous under our recent decisions in Grigg v. Director, OWCP, 28 F.3d 416, 419-420 (4th Cir.1994), and Toler v. Eastern Associated Coal Co., --- F.3d ----, No. 94-1632 (4th Cir. Jan. 10, 1995). In other words, Greenwich Collieries notwithstanding, the claimant argues that he satisfied his burden of proof and ought to be awarded benefits.
 
 
 3
 Because these intervening cases reject much of the ALJ's reasoning, though not necessarily the result reached, we must remand the claim for reconsideration. We affirm agency action only for the reasons given by the agency; other possible bases to affirm, like those offered by the claimant here, must be considered by the agency in the first instance. See Grigg, 28 F.3d at 418 (citing Securities & Exchange Comm'n v. Chenery Corp., 318 U.S. 80 (1943)).
 
 
 4
 The claim is therefore remanded to the BRB for reconsideration in light of the cases cited in this opinion.
 
 REMANDED